UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN M. FARRELL,
                              Petitioner,

    vs.                                                    9:10-CV-434
                                                              (LEK/ATB)
THEODORE[1] A. INSERRA,
Superintendent,
                                Respondent.
_____

KEVIN M. FARRELL, Petitioner, *pro se*
THOMAS B. LITSKY, Asst. Attorney General for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). This case was originally assigned to Magistrate Judge George Lowe, but was re-assigned to me on November 2, 2010. (Dkt. No. 14).

**I.**     **Background**

Petitioner brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a parole determination based on a judgment of conviction rendered in the Broome County Court on June 10, 1982. Petitioner was convicted after a guilty plea to Murder, Second Degree in violation of New York Penal Law § 125.25(1). The Appellate Division, Third Department affirmed without opinion on

---

[1] The respondent is erroneously listed on the docket as "Theordore," however, it is clear that his name is "Theodore," and the court will refer to the respondent with the proper spelling of his name.

February 16, 1984. (Resp.'s Ex. G; Dkt. No. 13-7).  Petitioner did not seek leave to appeal to the New York Court of Appeals.  In November of 1995, petitioner filed a motion to vacate his conviction pursuant to N.Y. Crim. Proc. Law § 440.10. (Resp.'s Ex. H; Dkt. No. 13-8).  The Broome County Court denied petitioner's motion on March 27, 1996. (Resp.'s Ex. K; Dkt. No. 13-11).  The Appellate Division denied petitioner's leave to appeal the denial of his motion to vacate. (Resp.'s Ex. M; Dkt. No. 13-13).

Petitioner has appeared before the New York State Board of Parole (Parole Board) a total of five separate times, most recently in 2010.  Each time, the Parole Board denied petitioner's release and held him for an additional 24 months.  Petitioner has challenged the Parole Board's decision twice by way of New York Article 78 proceedings.  On December 24, 2007, the Supreme Court in Albany County denied petitioner's first application, and on March 25, 2010, the Supreme Court in Albany County denied petitioner's second application. (Resp.'s Exs. S, FF; Dkt. No. 13-19, 13-32).  It does not appear that petitioner appealed either denial of Article 78 relief.

On June 25, 2009, Petitioner filed a motion to set aside his sentence in the Broome County Court pursuant to New York Criminal Procedure Law § 440.20. (Resp.'s Ex. KK; Dkt. No. 13-37).  On July 28, 2009, the Broome County Court Judge denied petitioner's motion. (Resp.'s Ex. OO; Dkt. No. 13-41).  The Appellate Division, Third Department denied petitioner's leave to appeal on September 30, 2009. (Resp.'s Ex. SS; Dkt. No. 13-45).  The petition in this case is dated April 6, 2010. (Dkt. No. 1).

Respondent has filed an answer, a memorandum of law, and the pertinent state court records. (Dkt. Nos. 11-13). The state court records are listed in respondent's answer and have been identified by letters A through SS. (Dkt. No. 13-1-13-45). Respondent has also filed some documents for *in camera* review. Petitioner filed a traverse on November 22, 2010. (Dkt. No. 15).

Petitioner raises one ground for this court's review. Petitioner alleges that the trial judge violated petitioner's plea agreement when he wrote a letter to the Parole Board "sometime between 2002 and 2009." (Pet. ¶ 12(A); Dkt. No. 1). Petitioner is not challenging his conviction. Petitioner claims that the judge's letter constitutes a "further recommendation" regarding his sentence in violation of the judge's off-the-record statement that petitioner would be sentenced "without further recommendation." *Id.* Petitioner claims that, because of this letter, he has been improperly incarcerated longer than his twenty year minimum sentence. *Id.*

For the following reasons, this court finds that petitioner's claim has no merit and will recommend denial of the petition.

II.  **Relevant Facts**

   A.  **Criminal Charges**

Although petitioner does not challenge his conviction in this action, the court will discuss the facts leading up to the conviction for clarity. The charges against this petitioner arose from an incident that occurred in 1982. Petitioner gave Earl Jones $ 300.00 with which to purchase drugs. Mr. Jones failed to obtain the drugs for petitioner and also failed to return the money that petitioner gave him. Instead, Jones

suggested to petitioner that they could get the $ 300.00 back by robbing a third individual.

On February 27, 1982, petitioner and his girlfriend picked Mr. Jones up by car, purportedly to accomplish the robbery of the third individual. At the time, petitioner was armed with a loaded .25 caliber handgun and a twelve gauge shotgun. While the three were driving around, petitioner pulled the car over so that Mr. Jones could relieve himself. When Mr. Jones got back into the car, petitioner shot Mr. Jones five times with the handgun and twice with the shotgun, killing Mr. Jones. Petitioner and two friends then disposed of the body. Petitioner later was arrested and indicted for Second Degree Murder.

Petitioner plead guilty to Second Degree Murder, with the understanding that his sentence would be twenty years to life, rather than the maximum sentence of twenty-five years to life.[2] (Resp.'s Ex. A; Plea Transcript (PT) at 4-5[3]; Dkt. No. 13-1). The court carefully described all the rights that petitioner would be waiving by pleading guilty and specifically asked petitioner if anyone had made any promises that the sentence imposed would be any less than twenty years to life. (PT at 3-5). Petitioner stated that there had been no other promises. (PT at 5). Petitioner also provided the court with a statement of the factual basis for the plea. (PT at 6-16). On June 17, 1982, the court imposed the agreed-upon sentence of twenty years to life imprisonment. (Resp.'s Ex. B; Dkt. No. 13-2).

---

[2] New York Penal Law § 70.00.

[3] The citations are to the actual pages of the transcript as numbered by the court stenographer.

B.   **Parole Board Appearances**

As stated above, petitioner has appeared before the Parole Board several times, but has been denied parole, each time being held for an additional twenty four months. Petitioner appeared before the Parole Board for the first time in 2002. At that time, petitioner had been incarcerated for his entire twenty year minimum sentence. Petitioner did not begin challenging the denials until he was denied parole in 2006. After exhausting his administrative appeals, on January 25, 2007, petitioner brought an Article 78 proceeding in the Broome County Supreme Court.[4] In that Article 78 proceeding, petitioner challenged the denial of parole, arguing *inter alia*, that the Parole Board's decision was arbitrary and capricious because there were insufficient reasons to deny parole, and the Parole Board usurped the sentencing court's authority when it effectively "re-sentenced" petitioner to serve more than the minimum sentence. (Resp.'s Ex. N).

The court denied petitioner's Article 78 application, holding that parole release decisions are discretionary, and, if made in accordance with New York Executive Law § 259-i, and there is no showing of "irrationality bordering on impropriety,"[5] the decisions are not subject to judicial review. (Resp.'s Ex. S at 2). The court concluded

---

[4] The petitioner's Article 78 application was transferred to the Albany County Supreme Court. (Resp.'s Ex. R).

[5] The court notes that the Supreme Court, Albany County misquoted the relevant standard from *Matter of Russo v. New York State Bd. Of Parole*, 50 N.Y.2d 69, 77 (1980). The court stated that in order to overturn the Parole Board's decision there would have to be "'irrational ability bordering on impropriety.'" (Resp.'s Ex. S at 3; Dkt. No. 13-19). However, this court has cited to the actual standard as cited in *Russo*. The mis-citation does not affect the court's decision in any way.

5

that there was no basis to overturn the Parole Board's decision. *Id.*

Petitioner filed a second Article 78 petition in May of 2008 in Broome County Supreme Court, challenging the 2008 denial of parole. (Resp.'s Ex. T). In his second Article 78 application, petitioner argued that the Board failed to consider the proper criteria under the law, and acted arbitrarily. (Resp.'s Ex. T at ¶ 15). Among other claims, petitioner argued that the sentencing judge wanted petitioner to be paroled at the end of his minimum term of 20 years, and that continuing to deny petitioner parole after he had already served his minimum term was "a third party reformation of a contract." (Resp.'s Ex. T at ¶¶ 52, 80).

The New York State Division of Parole filed a response to petitioner's 2008 Article 78 application, and included therein, a letter from the sentencing judge, submitted to the court *in camera*. A copy of the letter has also been filed with this court for *in camera* review. Without having seen the letter, petitioner filed a reply in state court, arguing that ***if the sentencing judge had recommended*** that petitioner be held for more than the minimum term of twenty years, then the court was in violation of the plea agreement. (Resp.'s Ex. V, ¶ 43; Dkt. No. 13-22) (emphasis added). Petitioner contended that the letter should be disclosed to him. (Resp.'s Ex. V, ¶ 42).

On July 31, 2009, the Broome County Supreme Court Judge transferred the case to Cayuga County. (Resp.'s Ex. Z; Dkt. No. 13-26). While petitioner's Article 78 application was pending, he was afforded his January 19, 2010 appearance before the Parole Board. He was again denied parole, and held for 24 more months. The Parole Board stated that his ability to commit "the most extreme violence" made him "a poor

6

risk for parole supervision." (Resp.'s Ex. GG at 14; Dkt. No. 13-33; Transcript of 1/19/11 Parole Hearing). Petitioner submitted a substantial brief on his administrative appeal of the 2010 denial.[6] (Resp.'s Ex. JJ; Dkt. No. 13-36). He included many educational certificates that he obtained while incarcerated. *Id.* Respondent states that as of October 13, 2010, petitioner's administrative appeal had not been decided by the Board of Parole. (Resp.'s Mem. of Law at 14; Dkt. No. 12).

On March 25, 2010, the Supreme Court in Broome County denied petitioner's second Article 78 application as moot because petitioner had the intervening January 2010 appearance before the Parole Board. (Resp.'s Ex. FF at 2[7]; Dkt. No. 13-32). Although respondent cites other pages of the Supreme Court's decision that alternatively deal with the merits of petitioner's claims, those pages have been omitted from respondent's exhibits. (Resp.'s Ex. FF). This court finds that the missing pages of the decision are not relevant to this court's determination since the basis of the Supreme Court's decision was mootness.

Petitioner also filed a previous motion to set aside his sentence under N.Y. Crim. Proc. Law § 440.20. (Resp.'s Ex. KK; Dkt. No. 13-37). In his motion, petitioner raised the claim that he raises in this petition, that the sentencing judge breached the plea agreement in a recommendation to the Parole Board. *Id.* The Broome County District Attorney filed a letter in opposition to the petitioner's motion.

---

[6] Petitioner's notice of appeal was received on January 22, 2010. (Resp.'s Ex. II; Dkt. No. 13-35; Letter to Petitioner from Division of Parole).

[7] This is the page number of the actual decision, found at the bottom of the page.

(Resp.'s Ex. LL; Dkt. No. 13-38). Petitioner filed a reply. (Resp.'s Ex. NN; Dkt. No. 13-40). On July 28, 2009, the Broome County Court denied petitioner's motion, holding that a sentence with a minimum term of imprisonment does not mean that the individual will be incarcerated "*no more*" that the minimum term. (Resp.'s Ex. NN at 2) (emphasis in original). The court further held that absent a "record commitment" at the time of sentencing that neither the court nor the District Attorney would make any further recommendations or express opinion as to the petitioner's release to parole supervision, the petitioner had no right to expect that no further comments would be made. *Id.* at 2-3.

Finally, the court pointed out that under the New York Executive Law, the Parole Board had the "sole power and duty to determine whether and when a defendant will be released to parole supervision, regardless of any recommendation or opinion of the Court." *Id.* at 3 (citations omitted). Petitioner applied for leave to appeal the decision denying his section 440.20 motion, but leave was denied. (Resp.'s Exs. 42-45).

Respondent concedes that the claim made by petitioner in this federal application for habeas corpus relief is timely filed and exhausted. (Resp.'s Mem. of Law at 17-23).

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a federal court lacks the power to grant a writ of habeas corpus under 28 U.S.C. § 2254

>unless the adjudication . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(d)(1)) (alterations in original).[8] Clearly established federal law "means 'the holdings as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003); *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)) (alterations in original).

In order to apply this standard under the AEDPA, the petitioner's claim must have been "adjudicated on the merits" in the state court proceedings. 28 U.S.C. § 2254(d)(1). *See also Day v. Taylor*, 459 F. Supp. 2d 252, 256 (S.D.N.Y. 2006) (a federal court's ability to review a habeas petition depends on whether the state court adjudicated the petitioner's claims on the merits or on procedural grounds). Under the AEDPA, a state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review applies, and both questions of law and mixed questions of law and fact are reviewed *de novo*. *Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir. 2001).

---

[8] Prior to the AEDPA, the court was not required to defer to state court determinations on pure questions of law and mixed questions of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 107-113 (1995). When presented with these questions, the court was empowered to conduct an independent review of the record. *Id*.

A decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by the [Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts," or if the state court identifies the appropriate legal standard, but unreasonably applies it to the facts of the petitioner's case. *Williams*, 529 U.S. at 413. The lower court may not grant the writ if it concludes "in its independent judgment" that the state-court decision applied clearly established federal law erroneously or incorrectly; rather, the application must also be unreasonable. *Id.* at 411. In order for the application to be "unreasonable," there must be "some increment of incorrectness beyond error," but that increment may not be too great, otherwise habeas relief would be limited to those state court decisions that are "so far off the mark as to suggest judicial incompetence." *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

## IV.  Parole and Plea Bargain

Petitioner's basis for relief in this case comes before the court in a slightly unusual way. Petitioner does not appear to challenge the guilty plea itself,[9] rather he

---

[9] In his application, petitioner did not challenge the guilty plea. However, in his traverse (Dkt. No. 15), petitioner asks "[h]ow . . . could the guilty plea be 'knowing and voluntary' when the full and exact terms of the contract were not placed on the record by those parties charged with the responsibility of doing so?" (Dkt. No. 15 at 2). Petitioner cannot now change his claim to reflect the claim of involuntary plea that he did not exhaust in state court. This court will consider his claim as he has raised it below, strictly as a claim that the judge violated the plea agreement when he wrote the letter to the Parole Board. However, the court would also point out that petitioner's claim is meritless under either view of the ground.

claims that the Parole Board acted inappropriately in soliciting a letter from the sentencing judge after that judge had allegedly promised petitioner that there would be no more "recommendations." Petitioner views the alleged statement by the judge as part of his "plea bargain" that was violated when the judge later made a "recommendation" to the Parole Board.

Although the last state court to consider petitioner's claims found that his application was moot because he had been given a new parole hearing, the court that considered petitioner's section 440.20 motion clearly decided the issue on the merits. (Resp.'s Ex. OO). The court simply stated that an indeterminate sentence of 20 years to life was not a guarantee that petitioner would be released after 20 years, and that the Parole Board had the sole discretion to determine when the petitioner would be released "regardless of any recommendation or opinion of the Court." (Resp.'s Ex. OO at 2). The court cited *People v. Saldana*, 221 A.D.2d 239, 633 N.Y.S.2d 960 (1st Dep't 1995) and *People v. Palumbo,* 171 Misc. 2d 734, 655 N.Y.S.2d 868 (Kings Cty. Sup. Ct. 1997). Because the state court considered petitioner's claim on the merits, this court must apply the deferential AEDPA standard.

A.   **Supreme Court Precedent**

In *Santobello v. New York*, 404 U.S. 257 (1971), the Supreme Court held that, where the guilty plea is induced by a promise by the prosecutor, that promise must be kept, or the defendant must be given the privilege to withdraw the plea. *Id.* In some cases, the defendant may be re-sentenced before a different judge. *Id.* However, where a plea is "induced" by promises, those promises "must in some way be made

11

known." *Id.* at 261-62.  Additionally, the Supreme Court held in *Maybry v. Johnson*, 467 U.S. 504, 505, 511 & n.11 (1984), that the inability to enforce a prosecutor's offer is not constitutionally significant if it does not impair the voluntariness of the plea.  *See also Puckett v. United States*, 129 U.S. 1423, 1430 (2009) (breach of plea agreement does not cause plea to be involuntary, and rescission is not the only possible remedy).

B.  **Application**

In this case, petitioner concedes that there was no promise made on-the-record regarding any "future" recommendations by the court.  It is common to state that the plea bargain will stand, and that the judge will take no further "recommendations" regarding the sentence.  The "recommendations" to which the judge may have referred were sentencing recommendations, most likely by the prosecutor, not future parole recommendations by either the prosecutor or the court.  Petitioner's "understanding" to the contrary is no the basis for habeas corpus relief.[10]

The respondent in this case also argues that the *Santobello* line of cases applies when the ***prosecutor*** has made a promise that has induced petitioner's guilty plea. There is no Supreme Court precedent that extends this analysis to a "promise" allegedly made by the court with regard to a subject over which the court has no control.  New York law is quite clear that the Board of Parole has the exclusive authority over whether an inmate will be released on parole, regardless of any

---

[10] In his traverse, petitioner states that "[i]n 1982, when the plea agreement was vocalized in chambers, petitioner understood that '20-to-life with no further recommendations' meant that the Judge considered parole appropriate after service of 20-years." (Dkt. No. 15 at 1).

statements or promises by the court.[11] *Palumbo*, 171 Misc. 2d at 736. Thus, in this case, the Broome County Court's finding that the "defendant had no right to expect that the Court, or the district attorney would not later recommend or express and opinion as to whether the defendant should or should not be released to parole supervision," is not contrary to well-established Supreme Court precedent.

The court has reviewed the judge's letter to the Parole Board, dated in 1997 and written in response to a 1996 inquiry by a parole officer, which has been submitted as a sealed exhibit by the respondent. (Resp.'s Sealed Ex. EE at Ex. D).[12]  Even assuming that the court's alleged statement regarding the plea agreement could have been interpreted as a promise to refrain from further recommendations with respect to petitioner's parole, which the court does not find, there is absolutely no basis for petitioner to argue that any such agreement was violated by the 1997 letter.

Finally, to the extent that the petition can be read to simply challenge the Parole Board's decision denying petitioner parole, the law is quite clear that there is no constitutional right for a convicted person to be conditionally released before the

---

[11] This standard is logical because, according to the statute governing Parole Board procedures, there are several factors that the Board considers that occur after the petitioner is sentenced, such as his institutional record, performance on temporary release, his release plans, and academic accomplishments while incarcerated. N.Y. Exec. Law § 259-i. Thus, while the Board may consider the statement of the trial court, it is not necessarily determinative of whether the inmate is released. The Parole Board may accord these considerations whatever weight it deems appropriate and need not even discuss the weight given to the factors in its decision. *See Davis v. Thomas*, 256 F. Supp. 2d 190, 192 (S.D.N.Y. 2003) (citations omitted).

[12] This exhibit consists of the confidential documents that were provided to Justice Thomas G. Leone on February 16, 2010, during petitioner's second Article 78 proceeding. The letter to Justice Leone has exhibits attached, and the confidential letter from the sentencing judge is Exhibit D.

expiration of a valid sentence and no constitutionally protected right to parole. *Barna v. Travis*, 239 F.3d 169 (2d Cir. 2001). Some courts have held, however, that substantive due process may be violated if the Parole Board's decision is arbitrary and capricious. *Cartagena v. Connelly*, No. 06 Civ. 2047, 2006 WL 2627567, *7 (S.D.N.Y. Sept. 14, 2006) (collecting cases).

In this case, even assuming that petitioner could challenge the Parole Board's decision, a review of that decision shows that it was not "arbitrary and capricious." (Dkt. No. 13-33; Transcript (T) of 1/19/10 Parole Hearing with Decision). Petitioner appeared before, and was interviewed by, two Parole Board Commissioners, who reviewed the facts of the crime with petitioner. (T. at 3-8). Petitioner's crime was particularly violent. He emptied a pistol into an individual who was sitting in the back seat of petitioner's car because the victim took petitioner's $ 300.00 and did not pay it back. (T. at 7-8). Then he grabbed the shotgun that his girlfriend was holding and shot the victim twice more. (T. at 8).

Petitioner recognized that he had an alcohol and drug problem that contributed to his behavior. (T. at 2-3). The Commissioners noted that they considered various letters in support of his release; the programs that he completed while incarcerated; his release plans, both for living and for working; but ultimately decided that petitioner's release at that time would be "incompatible with the welfare and safety of the community." (T. at 9-12, 14). The Parole Commissioners found that releasing plaintiff would "deprecate the seriousness of this crime as to undermine respect for the law." (T. at 14). In making this determination, the Parole Commissioners also stated

14

that petitioner's "ability to commit the most extreme of violence makes you a poor risk for parole supervision." *Id.* The Board's 2010 decision was neither arbitrary nor capricious. Thus, the petition is subject to dismissal under the AEDPA standard, and even if petitioner were challenging the Board's decision itself, the petition would be subject to dismissal.

## V. **Certificate of Appealability**

The court notes that an appeal from a final order in a habeas corpus proceeding under 28 U.S.C. § 2254 may only be taken upon the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may be issued only if the applicant has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court has found that the claims raised by petitioner in this case do not make a substantial showing of the denial of a constitutional right, the court will recommend denial of a certificate of appealability.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is further

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated: April 21, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge